S17G1202. NEW v. THE STATE.
(804 SE2d 435)

BENHAM, Justice.

By this opinion, this Court both grants this pro se petitioner's petition for certiorari, and remands the case to the Court of Appeals for further proceedings, as noted below.

On September 1, 2015, petitioner James Dennis New pleaded guilty in the Superior Court of Whitfield County to computer and electronic child exploitation, and he received a sentence of 20 years imprisonment with 18 years to serve. In June 2016, New filed a petition for habeas relief in the Superior Court of Johnson County, challenging the voluntariness of his guilty plea. To facilitate his habeas claims, New filed a pro se motion in his Whitfield County criminal case seeking production of the record and other documents, which that court granted on July 22, 2016. New filed a pro se motion to compel in the Whitfield County criminal case because, he alleges, certain agencies subject to the order failed to comply with it. This time the Whitfield County court entered an order stating that New "is currently represented by counsel, Michael McCarthy," and dismissed the motion to compel for that reason by order dated December 16, 2016.

On January 6, 2017, New timely filed an application for discretionary appeal in the Court of Appeals and requested an extension of time to perfect his application by providing additional evidence of indigence. The Court of Appeals docketed these documents as Case No. A17E0026 (a docketing number presumably indicating the filing was treated as an emergency motion), and then entered an order on January 11, 2017, granting New's request for an extension of time to file an application for discretionary appeal until 30 days from that date. On January 25, 2017, New filed his updated application for discretionary appeal with evidence of indigence. The updated application was docketed as Case No. A17D0280. Apparently not recognizing an extension of time had been granted in the earlier-docketed matter, the Court of Appeals then entered an order on February 16,

2017, dismissing his application as untimely, among other reasons. New then timely filed this petition for certiorari.

In the first sentence of its order, the Court of Appeals refers to the December 16, 2016 trial court order as one that dismissed New's motion to compel "in this habeas corpus action . . . ." The Court of Appeals then held it lacked jurisdiction over New's application for three reasons: (1) his pro se filing was a nullity because he was represented by counsel; (2) his application was untimely; and (3) since the habeas case remains pending below, the trial court's order is not a final order and may be appealed only by compliance with the interlocutory appeal procedures of OCGA § 5-6-34 (b). But the order from which New seeks appellate review was not filed in the habeas corpus proceeding pending in Johnson County; it was filed in his criminal court action in Whitfield County. Because it appears that no further issues are pending in the Whitfield County case, the inter-locutory appeal process is not applicable. This ground for rejecting New's application for discretionary appeal is erroneous.

The conclusion that New's application was untimely is also clearly erroneous. The record shows New's request for extension of time to file was granted by order dated January 31 in Case No. A17E0026, which gave him until February 10, 2017 to file an updated application. New timely filed this updated application, to which he attached evidence of indigence, on January 25, 2017.[1]

The resolution of the issue of whether New is represented by counsel in the Whitfield County criminal case is not as clearly reflected in the record. New asserts he is not currently represented and has not been since his conviction became final and no direct appeal was filed. He states he was neither offered nor entitled to any further representation by his appointed trial counsel, Michael McCarthy. In fact, New represents that he filed his habeas corpus petition pro se, and that one of his grounds for habeas relief is ineffective assistance of trial counsel. He also represents that McCarthy appeared and testified at the evidentiary hearing in the habeas corpus case with respect to the claim that he provided ineffective assistance at trial and was subjected to cross-examination by New. Accordingly, New asserts that McCarthy would now be disqualified to represent him in further proceedings in the criminal case. Further, we note that the Whitfield County court initially granted New's pro se motion for production of records. It was only

---

[1] In his filings in Case No. A17D0280, New referenced the fact that he had been granted an extension of time to file his application, though he did not reference the previous case number in which that order was entered.

months later when it dismissed New's pro se motion to compel that the trial court stated New was currently represented by counsel.

Accordingly, this Court remands this case to the Court of Appeals for confirmation of whether New is, in fact, represented by counsel. If not, the Court of Appeals is directed to consider the substantive issues raised in New's application for discretionary appeal.

*Certiorari granted, order vacated, and case remanded with direction. All the Justices concur.*

DECIDED AUGUST 28, 2017.

James Dennis New, *pro se.*
*Herbert M. Poston, Jr., District Attorney,* for appellee.